IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| IN RE: MI WINDOWS AND DOORS, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 2333 No. 2:12-mn-00001 |
| MIKE MEIFERT AND JANEEN MEIFERT, individually and on behalf of all others similarly situated, Plaintiffs, vs. MI WINDOWS AND DOORS, INC. Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | No. 2:12-cv-01256-DCN **ORDER** |

This matter is before the court on defendant's motion to dismiss all four counts of plaintiffs' amended complaint and to strike plaintiffs' request for equitable tolling of the statute of limitations. The court grants in part and denies in part the motion to dismiss and denies the request to strike.

## I.   BACKGROUND

On December 6, 2011, plaintiffs Mike and Janeen Meifert (the Meiferts) filed a class action complaint in the United States District Court for the Eastern District of Wisconsin against defendant MI Windows and Doors, Inc. (MIWD). MIWD moved to dismiss the complaint on January 23, 2012. In response to the motion to dismiss, on March 12, 2012 the Meiferts filed an amended complaint. MIWD moved to dismiss the amended complaint on March 26, 2012. On April 23, 2012, this and other cases were transferred to this court by the Judicial Panel on Multidistrict Litigation for consolidated

1

pretrial proceedings. The court held a hearing on the second motion to dismiss on September 18, 2012.

In their amended complaint, the Meiferts bring claims for negligence, violation of the Wisconsin Deceptive Trade Practices Act, breach of express warranty, and declaratory relief. The Meiferts allege that they purchased their home in 2004 directly from the builder and were the first and only owners of the home. Am. Compl. ¶ 11. The home contains windows manufactured by MIWD. Id. ¶ 10. MIWD allegedly designed, manufactured, marketed, advertised, warranted, and sold certain windows—those from its 3500, 4300, and 8500 series—that it knew or should have known were defective in design and not fit for their ordinary purpose. Id. ¶¶ 2-3. The Meiferts specifically claim that the windows in their home contain a defect that resulted in the loss of seal along the bottom of the glass and led to moisture and water intrusion into their home. Id. ¶ 4. This water intrusion allegedly caused "damage to property other than the Windows themselves," id., including damage to "adjoining finishes, walls and other personal property." Id. ¶ 6. The Meiferts state that they filed warranty claims with MIWD but were informed that they could not recover under the express warranty as subsequent owners of the home. Id. ¶ 11. The Meiferts seek to recover damages both individually and on behalf of two classes of persons owning structures in Wisconsin in which MIWD's 3500, 4300, and 8500 series of windows were installed. Id. ¶ 13. Finally, the Meiferts allege that MIWD should be estopped from relying on a statute of limitations defense since MIWD knew of the defect for years but failed to disclose it to the Meiferts and purported class members. Id. ¶¶ 44-45.

## II.  STANDARDS

### A.  Applicable Law

This case is predicated on diversity jurisdiction and was filed in federal court, so it is governed by state substantive law and federal procedural law. Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co., 611 F.3d 339, 345 (7th Cir. 2010). For diversity cases that are transferred in a MDL, "the law of the transferor district follows the case to the transferee district." Manual for Complex Litigation Fourth § 20.132. Therefore, this court must apply Wisconsin substantive law and federal procedural law.

### B.  Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. See E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Id. at 679. A complaint must contain sufficient factual allegations in addition to legal conclusions. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "Facts pled that are 'merely consistent with' liability are not sufficient." A Soc'y Without a Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

### III.   DISCUSSION

MIWD seeks to dismiss all four counts of the amended complaint. At the hearing on the motion to dismiss, the Meiferts moved to dismiss without prejudice their claim under the Wisconsin Deceptive Trade Practices Act[1]; therefore, the court only addresses the motion to dismiss as to the remaining three counts of the amended complaint. See Hr'g Tr. 32, Sept. 18, 2012, ECF No. 34.

**A.  Negligence**

First, MIWD moves to dismiss the Meiferts' negligence claim, arguing it is barred by the economic loss doctrine and fails under Rule 12(b)(6).

**1.  Economic Loss Doctrine**

The economic loss doctrine, adopted by the Wisconsin Supreme Court in Sunnyslope Grading, Inc. v. Miller, Bradford & Risberg, Inc., 437 N.W.2d 213 (Wis. 1989), "is a judicially created doctrine under which a purchaser of a product cannot recover from a manufacturer on a tort theory for damages that are solely economic." Bay Breeze Condo. Ass'n v. Norco Windows, Inc., 651 N.W.2d 738, 741 (Wis. Ct. App. 2002). "Economic loss" includes damage to and loss in value of a product itself, but does

---

[1] As the court noted at the hearing, the Wisconsin Deceptive Trade Practices Act carries a three year statute of limitations. Wis. Stat. Ann. § 100.18(11)(b)(3). This limitations period may not be suspended or tolled. See Neuser v. Carrier Corp., No. 06-645, 2007 WL 484779, at *3 (W.D. Wis. Feb. 9, 2007) ("Section 100.18(11)(b)(3) is a statute of repose, which requires the commencement of an action within three years after defendant's action which led to the injury, regardless of whether plaintiff has discovered the injury or wrongdoing."). Based on the allegations of the amended complaint, it appears that the statute of limitations began to accrue in 2004 and expired in 2007. See Am. Compl. ¶¶ 10-11 (alleging that the home, which contained windows manufactured by MIWD, was purchased "in or around 2004, directly from the builder").

not include "personal injury or damage to other property." 1325 N. Van Buren, LLC v. T-3 Grp., Ltd., 716 N.W.2d 822, 831 (Wis. 2006) (internal quotation marks omitted); Bay Breeze, 651 N.W.2d at 742 ("The economic loss doctrine does not apply, however, if the damage is to property other than the defective product itself; in that case, a complainant may pursue an action in tort.").

To recover for damage to "other property," the property allegedly damaged must be sufficiently distinguishable from the product that caused the damage. When a component of an integrated system causes damage to either the system as a whole or to other component parts, courts in Wisconsin have held that the economic loss doctrine bars recovery. See Wausau Tile, Inc. v. Cnty. Concrete Corp., 593 N.W.2d 445, 452 (Wis. 1999) (discussing this "integrated system" rule).

Wisconsin courts have likened windows to "ingredients" of a home, such that the windows and home are together an "integrated system." Thus, the economic loss rule typically bars recovery in tort for damage to a home caused by a defect in windows. See Midland Builders, Inc. v. Semling-Menke Co., 703 N.W.2d 383 (Wis. Ct. App. 2005) (table) ("[T]he crux of Midland's claim for repair costs here is that the homes were damaged because an ingredient, Semco windows, was of insufficient quality and did not work for Midland's intended purpose. Accordingly, these costs are the 'essence of a claim for economic loss,' and Wausau Tile precludes Midland from seeking to recover such losses through its negligence . . . claim[]."). The Wisconsin Court of Appeals in Selzer v. Brunsell Bros., in applying the "integrated system" rule, held:

> We cannot discern a meaningful analytical difference between a window in a house, a gear in a printing press, a generator connected to a turbine, or a drive system in a helicopter. In each of these examples, the window, the gear, the generator, and the drive system are integral parts of a greater

5

> whole; none of the integral parts serve an independent purpose. Thus, just as the damage to the printing press, the turbine, and the helicopter caused by their integral parts constituted damage to the products themselves, so too did the damage to Selzer's home caused by the windows constitute damage to the product itself, and not damage to "other property" for purposes of the economic loss doctrine.

652 N.W.2d 806, 835 (Wis. Ct. App. 2002). Similarly, the Wisconsin Court of Appeals in Bay Breeze wrote,

> Generally, house buyers have little or no interest in how or where the individual components of a house are obtained. They are content to let the builder produce the finished product, i.e., a house. These homeowners bought finished products—dwellings—not the individual components of those dwellings. They bargained for the finished products, not their various components. . . . Here, . . . the homeowners purchased a finished product, their condominium units, the quality of which fell below expectations. While the Association argues that the defective windows caused damage to interior and exterior walls and casements, these are but other component parts in a finished product. Because of the integral relationship between the windows, the casements and the surrounding walls, the windows are simply a part of a single system or structure, having no function apart from the buildings for which they were manufactured. Although the condominium units may have suffered incidental damage as a result of the failed windows, this does not take a commercial dispute outside the economic loss doctrine.

651 N.W.2d at 745-46 (internal citations and quotation marks omitted).

Here, in their amended complaint, the Meiferts allege the following types of harm: damage to "the interior of the residence[]," including damage to "adjoining finishes, walls and other personal property," Am. Compl. ¶ 6; damage to "flooring and other property below and around the Windows," id. ¶ 10; that the window defects "allow for water to cause damage to other property within the home," id. ¶ 23; that the "value of structures containing the Windows has diminished as a result of the defect," id. ¶ 40; that the Meiferts have been "forced to pay for installation of new replacement windows," id. ¶ 7; and that the Windows have caused damage to other property within the[] home[]," id. ¶ 7, including water leaks that "drip onto Plaintiffs' . . . walls and floors," id. ¶ 41.

The "product" purchased by the Meiferts was not the windows but the home, in which the windows were already installed. The allegations of the amended complaint largely amount to claims for damage to the product—the home—caused by an ingredient or component of that product—the windows manufactured by MIWD. Under Wisconsin law, recovery for such damage, including damage to the finishes, walls, and floors in the home, the replacement cost of the windows, and the diminution in value of the home, is barred by the economic loss doctrine. See Daanen & Janssen, Inc. v. Cedarapids, Inc., 573 N.W.2d 842, 845 (Wis. 1998) (noting that economic loss "includes both direct economic loss and consequential economic loss"). The court dismisses without prejudice the portion of the Meiferts' negligence claim that relates to damages to the home itself.

### 2. Dismissal Under Rule 12(b)(6)

The Meiferts' amended complaint also states that the defective windows caused damage to "other property" within the home, Am. Compl. ¶ 7, including damage to "other personal property." Id. ¶ 6. Damage to personal property would be recoverable under Wisconsin law if the Meiferts can prove their negligence claim. While additional factual allegations would benefit MIWD and the court, viewing the allegations in the light most favorable to the Meiferts, the court finds they have sufficiently stated a claim for recovery of damage to "other personal property." This portion of the negligence claim will survive the instant motion to dismiss. See Def.'s Reply 2-3 ("To the extent Plaintiffs can establish that they have suffered damages to 'other property' caused by the windows, only that portion of their tort claim would survive.").

The Meiferts also argue that they have stated a claim for personal injury that is not barred by the economic loss doctrine. However, while the Meiferts allege that the

7

water intrusion into their home led to mineral deposits and mold, they do not actually complain of any resulting personal injury. See Am. Compl. ¶ 23. The court need not dismiss any claim for personal injury because it has not been sufficiently stated in the first place.

In summary, the court dismisses the negligence claim to the extent that the Meiferts seeks to recover damages that are barred by the economic loss doctrine and to the extent the Meiferts have failed to set forth sufficient allegations, but allows their claim for damage to "other personal property" to proceed.

### B. Breach of Express Warranty

Second, MIWD moves to dismiss the Meiferts' claim for breach of express warranty, arguing that the Meiferts cannot establish that the warranty formed part of the basis of any bargain as required by Wisconsin law.

The "basis of the bargain" requirement of an express warranty claim is codified at Wis. Stat. § 402.313, which provides that an express warranty is created by an "affirmation of fact or promise" or a "description of the goods" that becomes "part of the basis of the bargain." Id. § 402.313(1)(a)-(b). The Commentary to § 402.313 states that the "precise time when words of description or affirmation are made . . . is not material . . . . If language is used after the closing of the deal . . ., the warranty becomes a modification." Id. Commentary Note 7. The Wisconsin Supreme Court has elaborated that the affirmation of fact made by the seller does not have to be "the sole basis for the sale, only that it is a *factor* in the purchase." Ewers v. Eisenzopf, 276 N.W.2d 802, 805 (Wis. 1979).

The Wisconsin Supreme Court more recently held that "the burden is on buyers (in the sale of goods or services) to prove their purchase was made based on the factual representations." Hocking v. City of Dodgeville, 785 N.W.2d 398, 405 (Wis. 2010). The allegations of the amended complaint fail to meet this burden. When "there [is] no written contract between the [parties], an express warranty could be created only if the [plaintiffs] were induced to rely on the promises such that the express warranty was a basis for a bargain." Id. The amended complaint is devoid of factual allegations in support of the bare legal assertion that "the warranty Defendant provided to Plaintiffs . . . was an affirmation of fact which became part of the basis of the bargain." Am. Compl. ¶ 87. The Meiferts do not even point out what warranty, if any, was provided to them by MIWD; instead, they attach a copy of an MIWD warranty to the amended complaint without alleging, for example, that they actually saw this warranty or learned they would be a third party beneficiary of this warranty. As a result, the amended complaint does not show that MIWD's express warranty or factual representations formed part of the basis of the bargain in the Meiferts' purchase of their home and acquisition of the windows. Thus, the court dismisses without prejudice the claim for breach of express warranty.[2]

---

[2] MIWD also moves to dismiss the Meiferts' claim for breach of express warranty on the basis that the Meiferts cannot establish privity of contract, an issue the court need not decide based on the above ruling. The court does note that while the Seventh Circuit has held that "Wisconsin law requires privity of contract between the parties before liability can be founded on breach of express or implied warranty," St. Paul Mercury Ins. Co. v. Viking Corp., 539 F.3d 623, 626 (7th Cir. 2008), Wisconsin courts have recognized the extension of express warranties to remote purchasers. See Lamount v. Winnebago Indus., Inc., 569 F. Supp. 2d 806, 815 (E.D. Wis. 2008) ("Winnebago is clearly mistaken in its contention that Wisconsin requires the purchaser to deal directly with the manufacturer of a product in order to sue the manufacturer for breach of the manufacturer's express warranty."); Ball v. Sony Elecs. Inc., No. 05-307, 2005 WL 2406145, at *5 (W.D. Wis. Sept. 28, 2005) ("Other courts have recognized and enforced express warranties to remote purchasers even in the absence of reliance based privity."); Sunnyslope Grading, Inc. v. Miller, Bradford & Risberg, Inc., 437 N.W.2d 213 (Wis. 1989) (holding that the ultimate purchaser of a machine and the machine's manufacturer were parties to an enforceable warranty even though the purchase was made through a dealer).

### C. Declaratory Judgment

Third, MIWD moves to dismiss the Meiferts' claim for declaratory relief, arguing that there is no basis to provide the relief requested. The Declaratory Judgment Act allows courts to "declare the rights and other legal relations of any interested party seeking [a] declaration, whether or not further relief is or could be sought." 28 U.S.C.A. § 2201(a). Courts have "long recognized the discretion afforded to district courts in determining whether to render declaratory relief." Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 421-22 (4th Cir. 1998). The declaratory relief sought here is based on the substantive claims in the amended complaint. Declaratory relief would be inappropriate at this stage, as the merits of the Meiferts' substantive claims have not been adjudicated. Therefore, the court dismisses the declaratory judgment claim without prejudice.

### D. Fraudulent Concealment and Tolling of Statute of Limitations

Finally, MIWD moves to dismiss the Meiferts' claim for fraudulent concealment and request for equitable tolling of the statutes of limitation. In essence, this is a motion to strike. Motions to strike are disfavored when allegations are not "actually prejudicial to the defense." Davis v. Ruby Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001). The court finds it unnecessary to strike the allegations regarding equitable tolling from the amended complaint. Rather, the better course is for the parties to proceed to discovery and, if MIWD seeks dismissal based on the expiration of a statute of limitations in the future, the Meiferts may contend that tolling is appropriate. At this time, the court denies MIWD's request to strike.

## IV.   CONCLUSION

Based on the foregoing, the court **GRANTS IN PART AND DENIES IN PART** defendant's motion to dismiss; **DISMISSES IN PART WITHOUT PREJUDICE** plaintiffs' claim for negligence; and **DISMISSES WITHOUT PREJUDICE** plaintiffs' claims for violation of the Wisconsin Deceptive Trade Practices Act, breach of express warranty, and declaratory judgment.  The court further **DENIES** defendant's motion to strike.  Plaintiffs shall have leave to file a second amended complaint within 14 days of the filing of this order.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 11, 2012**
**Charleston, South Carolina**