**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: MI WINDOWS AND DOORS, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2333<br>No. 2:12-mn-00001-DCN |
| MIKE MEIFERT AND JANEEN MEIFERT, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>MI WINDOWS AND DOORS, INC.<br><br>        Defendant. | No. 2:12-cv-01256-DCN<br><br><br>**ORDER** |

This matter is before the court on defendant MI Windows and Doors, Inc.'s (MIWD) motion to dismiss plaintiffs Mike and Janeen Meifert's (the Meiferts) second amended complaint. This court previously granted in part and denied in part a motion to dismiss the Meiferts' first amended complaint. In that order, entered on October 11, 2012, the court dismissed in part without prejudice the Meiferts' claim for negligence and dismissed without prejudice the Meiferts' claims for breach of express warranty and declaratory relief.[1] The court also denied a motion to strike.

As permitted by the court's October 11, 2012 order, the Meiferts filed a second amended complaint on October 25, 2012. On November 21, 2012, MIWD filed a motion to dismiss the second amended complaint. The Meiferts have not filed a response in

---

[1] At the hearing on the first motion to dismiss, the Meiferts moved to dismiss without prejudice their claim under the Wisconsin Deceptive Trade Practices Act.

1

opposition to the motion, but their counsel was advised at the status conference held on November 29, 2012 that this motion would be decided without oral argument.

In their second amended complaint, the Meiferts assert claims for negligence and breach of express warranty. They additionally plead that MIWD "is estopped from relying on any statutes of limitation or repose by virtue of its acts of fraudulent concealment." Second Am. Compl. ¶ 49.

MIWD first contends that the Meiferts' claim for negligence in the second amended complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6). In ruling on the first motion to dismiss, the court previously decided that the economic loss doctrine, as applied in Wisconsin, barred recovery for damage to the allegedly defective windows at issue in this case, as well as recovery for damage to the finishes, walls, and floors of the Meiferts' home, replacement cost of the windows, and diminution in value of the home. See Meifert v. MI Windows & Doors, Inc., No. 12-1256, 2012 WL 4846987, at *4 (D.S.C. Oct. 11, 2012). However, the court additionally held that the Meiferts had sufficiently stated a claim for damage to "other personal property." Finally, while recognizing that a claim for personal injury would be cognizable, the court found that such a claim was not actually stated in the amended complaint.

In their second amended complaint, the Meiferts continue to assert damages to "other personal property." These claims remain sufficient. In addition, the Meiferts have chosen not to assert a claim for personal injury arising from the alleged moisture intrusion, mineral deposits, and mold in their home. See Second Am. Compl. ¶ 24. The only lingering problem is the Meiferts' continued assertion that their windows allegedly designed, manufactured, and sold by MIWD caused direct economic loss to the windows

and other property in the home and consequential economic loss, for which recovery would be barred by the economic loss doctrine. For the reasons stated in this court's previous order, the court again dismisses "the portion of the Meiferts' negligence claim that relates to damages to the home itself." Meifert, No. 12-1256, 2012 WL 4846987, at *4.

Second, MIWD asserts that the Meiferts' claim for breach of express warranty in the second amended complaint should be dismissed under Rule 12(b)(6). In the previous ruling, the court determined that the Meiferts had not plausibly alleged that an express warranty supplied by MIWD formed a basis of the Meiferts' bargain in purchasing their home containing MIWD windows. See id. at *5. In their second amended complaint, the Meiferts state,

> At the time they purchased their home, Plaintiffs understood and were aware that certain of its features were covered by a manufacturer's warranty. With respect to the Windows, they understood at the time of purchase that the Windows were covered by a manufacturer's warranty. The fact that the Windows were covered by a warranty was material to Plaintiffs at the time of their home purchase. Had the Windows not been covered by a manufacturer's warranty, they would not have purchased [their] home, or would have paid less for the home.

Second Am. Compl. ¶ 11. The Meiferts' amended pleadings are sufficient to survive dismissal. MIWD contends these allegations do not pinpoint a specific-enough promise, but that is generally a question of fact. See Ewers v. Eisenzopf, 276 N.W.2d 802, 805 (Wis. 1979).

MIWD also argues the breach of express warranty claim should be dismissed under Rule 12(b)(6) for lack of privity, since the Meiferts did not purchase the windows directly from MIWD. This court already noted that Wisconsin courts have recognized the extension of express warranties to remote purchasers. See, e.g., Lamount v.

3

Winnebago Indus., Inc., 569 F. Supp. 2d 806, 815 (E.D. Wis. 2008) ("Winnebago is clearly mistaken in its contention that Wisconsin requires the purchaser to deal directly with the manufacturer of a product in order to sue the manufacturer for breach of the manufacturer's express warranty."); Ball v. Sony Elecs. Inc., No. 05-307, 2005 WL 2406145, at *5 (W.D. Wis. Sept. 28, 2005) ("Other courts have recognized and enforced express warranties to remote purchasers even in the absence of reliance based privity."). Based on these and similar statements of law, the court finds the Meiferts' claim for breach of express warranty to be sufficiently plausible to survive dismissal.

Finally, MIWD argues that the allegations regarding estoppel from relying on a statute of limitations defense should be stricken from the second amended complaint. In lieu of flaying a prostrate equine, the court refers MIWD to the previous ruling on this issue, which remains the court's position.[2] See Meifert, No. 12-1256, 2012 WL 4846987, at *6 ("The court finds it unnecessary to strike the allegations regarding equitable tolling from the amended complaint. Rather, the better course is for the parties to proceed to discovery and, if MIWD seeks dismissal based on the expiration of a statute of limitations in the future, the Meiferts may contend that tolling is appropriate.").

Based on the foregoing, the court **GRANTS IN PART AND DENIES IN PART** defendant's motion to dismiss.

**AND IT IS SO ORDERED**.

---

[2] As has been said many times in many courts, "Don't confuse me with the facts, my mind's made up."

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**December 21, 2012**
**Charleston, South Carolina**